IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

January 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9612-CR-00454 |
| | ) | |
| Appellant, | ) | KNOX COUNTY |
| | ) | |
| VS. | ) | **HON. RICHARD BAUMGARTNER,** |
| | ) | **JUDGE** |
| JAMES DAVID SHROPSHIRE, | ) | (Assault, Aggravated Sexual Battery) |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

**JOHN KNOX WALKUP**
Attorney General and Reporter
Chattanooga, TN 37402

**MICHAEL J. FAHEY, II**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**WILLIAM H. CRABTREE**
**CHARME JOHNSON**
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

FOR THE APPELLEE:

**KENNETH F. IRVINE, JR.**
550 Main Avenue
NationsBank Center
Suite 775
Knoxville, TN 37901

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**CHRIS CRAFT,**
**SPECIAL JUDGE**

**O P I N I O N**

The State of Tennessee appeals from the decision of the trial judge dismissing convictions for assault and aggravated sexual battery due to insufficiency of the presentment. We reverse, reinstate the convictions and remand for further proceedings.

Appellee, James David Shropshire, was tried in September, 1995 on a three count presentment for Rape of a Child (Count I) and Aggravated Sexual Battery (Counts II and III). He was acquitted of Count II and the jury deadlocked on Counts I and III. Upon retrial in March 1996, Mr. Shropshire was convicted of assault as included in Count I and Aggravated Sexual Battery as charged in Count III. Prior to a hearing on the Motion for New Trial, the trial judge dismissed the convictions due to the release of State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), because the presentment failed to allege a culpable mental state, an essential element of each offense. The Tennessee Supreme Court has since reversed the holding of the Court of Criminal Appeals in Hill, holding instead that the required mental state may be inferred from the nature of the criminal conduct alleged, and does not have to be alleged in the charging instrument. State v. Roger Dale Hill, No. 01-S-01-9701-CC-00005 (Jackson, November 3, 1997).

Having examined Counts I and III and found them sufficient to provide adequate notice to both the defendant and the trial court of each offenses alleged, we therefore find that the dismissal of the presentment was not proper, reinstate the convictions, and remand to the trial court for a hearing on the Motion for New Trial and any further required proceedings.

The judgment of the trial court is REVERSED AND REMANDED.

_____
_____ CHRIS CRAFT, SPECIAL JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOE RILEY, JUDGE